UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| 5502 NODAWAY TRUST, AS PRESIDENT OF JAY DEE DILLARD, | § § § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:13-cv-00641 |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

## I.      INTRODUCTION

Pending before the Court is the defendant's, JPMorgan Chase Bank, N.A. (the "defendant"), motion for summary judgment and brief in support (Dkt. No. 8).  The plaintiff, 5502 Nodaway Trust, as President of Jay Dee Dillard (the "plaintiff"), has failed to file a response and the time for doing so has elapsed.  After having carefully examined the motion, the record and the applicable law, the Court determines that the defendant's motion for summary judgment should be GRANTED in part and DENIED in part.

## II.     FACTUAL BACKGROUND

On April 5, 2001, Luis and Pam Gonzalez executed a Note payable to North American Mortgage Company in the amount of $140,000.00, concurrently with a Deed of Trust granting a first lien security interest in the real property located at 5502 Nodaway Lane, Spring, Texas 77379 (the "property").  The Deed of Trust expressly designates North American Mortgage Company as the beneficiary Lender and Calvin C. Mann, Jr., as the trustee.  It further provides that North American Mortgage Company, as Lender, has the right to exercise any and all rights

of interests granted by the borrowers and authorizes it to foreclose and sell the property and/or to take any action required of the Lender.  (Dkt. No. 8, Ex. A.)

On or about November 5, 2001, North American Mortgage Company assigned its rights and interests in the Deed of Trust to Washington Mutual Home Loans, Inc. ("Washington Mutual").  (*Id.*, Ex. B.).  On October 30, 2012, Washington Mutual assigned its interests to the defendant.  (*Id.*, Ex. C.).

On September 23, 2011, the Terranova West Property Owners Association, Inc. (the "Terranova POA") obtained a judgment against Luis Gonzalez and recorded its Abstract of Judgment on February 23, 2012.  (*Id.*, Ex. D.).  On October 2, 2012, the Terranova POA conducted a sale of the property, during which the plaintiff purchased the property for $4,100.00.  (*Id.*, Ex. E.).  The applicable Declaration of Covenants, Conditions and Restrictions expressly subordinates the Terranova POA's lien to first lien mortgages.  (*Id.*, Ex. F § 9.).  Accordingly, the lien secured by the Deed of Trust and held by the defendant remained superior to the Terranova POA's lien.  Thus, the plaintiff acquired possession of the property subject to the Deed of Trust.  The plaintiff does not contest the validity of the Deed of Trust or the inferiority of its interest in the property.

In December of 2012, Chase accelerated all sums due and owing pursuant to the Note and Deed of Trust and further notified the Gonzalezes of its anticipated foreclosure sale scheduled for January 1, 2013.  (*Id.*, Ex. G.).  On January 1, 2013, a foreclosure sale of the property was conducted, during which the property was conveyed to the defendant.  (*Id.*, Ex. I.).  On February 5, 2013, the plaintiff initiated the instant action in the 215th Judicial District Court of Harris County, Texas seeking to "quiet title" with respect to the property as well as a temporary restraining order and injunction restraining the defendant from continuing to act adverse to its

property interest.  The defendant removed the case to this Court on March 8, 2013, on the basis of diversity jurisdiction.  The defendant now moves for a summary judgment on the plaintiff's claims.

## III.    SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003).  Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075).  "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'"  *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)).  The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  *Little*, 37 F.3d at 1075 (internal

quotation marks and citations omitted).  Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'"  *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted).  When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]."  *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)).  Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)).  Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses."  *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380).  Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 - 52 (1986)).

The plaintiff in this case has not filed a response to the defendant's motion for summary judgment.  According to the Court's local rules, responses to such motions are due within twenty-one days unless the time is extended.  S.D. Tex. L.R. 7.3.  A failure to respond is "taken

as a representation of no opposition." S.D. Tex L.R. 7.4. Notwithstanding the plaintiff's failure to file a response, summary judgment may not be awarded by default. *See Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279). To this end, the defendant, as "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless [it has] done so, the court may not grant the motion, regardless of whether any response was filed." *See Hetzel*, 50 F.3d at 362 n.3. Nevertheless, in determining whether summary judgment is appropriate, a district court may accept as undisputed the facts set forth in the motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (internal citations omitted).

## IV.    ANALYSIS AND DISCUSSION

### A.    The Plaintiff's Claim to Quiet Title

As a threshold matter, the defendant moves for summary judgment on the plaintiff's claim to quiet title. A claim to remove cloud from title also referred to as a suit to clear or quiet title "'enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.' " *Morlock, L.L.C.  v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at *1 (5th  Cir. June 4, 2013) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. App.-Waco 1980, writ ref'd. n.r.e.) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (Tex. 1886)). Such an action "relies on the invalidity of the defendant's claim to the property." *Morlock*, 2013 WL 2422778, at *1 (quoting *Essex Crane Rental Corp. v. Carter,* 371 S.W.3d 366, 388 (Tex. App.-Houston [1st Dist.] 2012, pet. denied)). As a consequence, "the plaintiff has the burden of supplying the proof necessary to establish his

superior equity and right to relief." *Essex Crane*, 371 S.W.3d at 388 (quoting *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.-Houston [1st Dist.] 2009, pet. denied).

In order to prevail on a claim to remove cloud from title or to quiet title, a plaintiff is required to demonstrate that: (1) it has an interest in the property; (2) title to the property is impaired by the defendant's claim; and (3) the defendant's claim, while facially valid, is unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747, 766 (N.D. Tex. 2012). "To quiet title in [its] favor, [a] plaintiff 'must allege right, title, or ownership in [itself] with sufficient certainty to enable the court to see [it] has a right of ownership that will warrant judicial interference.' " *Wells v. BAC Home Loans Servicing, L.P.,* No. W–10–CA–00350, 2011 WL 2163987, at *4 (W.D. Tex. April 26, 2011) (quoting *Wright v. Matthews,* 26 S.W.3d 575, 578 (Tex. App.- Beaumont 2000, pet. denied)). "In other words, the plaintiff must recover on the strength of [its] title, not the weakness of [its] adversary's [title]." *Wells*, 2011 WL 2163987, at *4 (citing *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.).

Here, the plaintiff's claim to remove cloud from title or to quiet title fails to allege any facts establishing the superiority of its title in relation to the defendant's Deed of Trust. In fact, the plaintiff neither contests the validity of the Deed of Trust nor suggests that its *own* interest is superior to the Deed of Trust. Instead, it merely attempts to challenge the validity of the defendant's claim to title by alleging, albeit in conclusory fashion, that: (1) it is the "rightful owner" of the property and entitled to possession; (2) it "was wrongfully dispossessed of the property when the defendant sold it"; (3) the defendant "purports to have an adverse claim or interest in the property that operates as a cloud on [its] title"; and (4) the defendant's claim or interest with respect to the property "is invalid, unenforceable or without right against [it]

because the defendant failed to provide [it] with proper statutory notice of the Trustee's Sale."[1] (*See* Dkt. No. 1, Ex. A, ¶¶ 9 – 12.). Because the plaintiff does not dispute the Deed of Trust's validity or otherwise claim title superior to that of the defendant, it has failed to demonstrate a genuine issue of material fact that its title to the property is superior to that of the defendant. Therefore, the defendant is entitled to judgment as a matter of law on the plaintiff's claim to remove cloud from title or to quiet title. *See Fricks*, 45 S.W.3d at 327.

Further, in light of the undisputed facts, when the defendant foreclosed on its Deed of Trust, it extinguished any junior or subordinate liens such as the plaintiff's lien. *See I-10 Colony, Inc. v. Chao Kuan Lee*, 393 S.W.3d 467, 472 – 73 (Tex. App.- Hous. [14th Dist.] 2012, pet. denied) (internal citations omitted) ("It is well settled in Texas that a valid foreclosure on a senior lien (sometimes referred to as a 'superior' lien) extinguishes a junior lien (sometimes referred to as 'inferior' or 'subordinate') if there are not sufficient excess proceeds from the foreclosure sale to satisfy the junior lien."). As a consequence, the plaintiff no longer has a lien on the defendant's property and the lien identified by Instrument No. 20120597272, and encumbering the real property located at LOT TWO HUNDRED FOUR (204), IN BLOCK SEVEN (7), OF TERRANOVA WEST, SECTION ONE (1), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 286, PAGE 48 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS is EXTINGUISHED.

---

[1] The plaintiff's claim of lack of statutory notice here is of no moment as Texas law imposes no such requirement under the circumstances. It is well-established under Texas law that "[t]here is no requirement that personal notice be given to persons who were not parties to the deed of trust." *American Sav. & Loan Ass'n of Hous. v. Musick*, 531 S.W.2d 581, 588 (Tex. 1975). This principle applies even when the mortgagee knows of an intervening purchaser. *See Rodriguez v. Ocwen Loan Servicing, LLC*, No. 08-20128, 2009 WL 101941, *2 (5th Cir. Jan. 14, 2009) (quoting *Casstevens v. Smith*, 269 S.W.3d 222, 229 - 30 (Tex. App.—Texarkana 2008, no pet. h.) (finding that notice of foreclosure proceedings must be given "to the parties named on the requisite documents as the debtors and not to other parties, *known* or *unknown*").

### B.     The Plaintiff's Claim for Injunctive Relief

Likewise, the defendant is entitled to judgment as a matter of law on the plaintiff's claim for injunctive relief.  "To obtain injunctive relief, [a] plaintiff is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.' " *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11–CV–507–A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).  Further, a request for injunctive relief is fatally flawed and fails to state a claim for relief in the absence of an underlying viable cause of action supporting the entry of a judgment.  *See Martinez v. Wilmington Trust Co.*, SA-13-CA-53-FB, 2013 WL 6818251, *11 (W.D. Tex. July 23, 2013) (citing *Pajooh v. Harmon*, 82 F. App'x 898, 899 (5th Cir. 2003)).

Here, the plaintiff seeks an order from this Court "quieting" title to the property.  Since this claim is the plaintiff's sole substantive claim and the Court has determined that its dismissal is appropriate, the plaintiff cannot establish *any* likelihood of success on the merits.  *See Jackson*, 2011 WL 3874860, at *3.  Thus, the plaintiff's request for injunctive relief is denied and the defendant is entitled to a summary judgment on the plaintiff's claim.

### C.     The Plaintiff's Claim for Attorneys' Fees

Lastly, the defendant moves for judgment as a matter of law on the plaintiff's claim for attorneys' fees.  "As a general rule, attorney's fees are not recoverable in Texas unless provided for by contract or by statute."  *Lopez v. Los Cielos Homeowners Ass'n, Inc.*, No. 11–11–00102–CV, 2013 WL 1636433, at *2 (Tex. App.-Eastland Apr. 11, 2013, no pet.) (citing *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,* 835 S.W.2d 75, 77 (Tex. 1992)).  The Texas Civil Practice & Remedies Code "provides that reasonable attorney's fees may be recovered in certain types of suits, such as suits on a sworn account or a written contract."  *Id.* (citing Tex. Civ. Prac. & Rem.

Code § 38.001).  In order to recover attorneys' fees pursuant to § 38.001, "a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Bennigan's Franchising Co., LLC v. Team Irish, Inc.*, No. 3:11–CV–0364–D, 2011 WL 3903068, at *3 (N. D. Tex. Sept. 6, 2011) (internal citation omitted).  Because none of the qualifying causes of actions listed in § 38.001 are applicable here and the plaintiff has failed to allege a viable cause of action, its request for attorney's fees is denied.  *See* Tex. Civ. Prac. & Rem. Code § 38.001.  Accordingly, the defendant is entitled to judgment as a matter of law on the plaintiff's claim for attorneys' fees.

## V.    CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for summary judgment is GRANTED as to the plaintiff's claims and DENIED as to its request for attorneys' fees.

It is so **ORDERED**.

SIGNED on this 30th day of January, 2014.

_____
Kenneth M. Hoyt
United States District Judge